**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Elba Maria Vasquez Cruz, Ana Rodriguez, and Felicia Reyes, individually, and on behalf of all other similarly situated individuals, and the Proposed Minnesota Rule 23 Class, | Court File No. 14-cv-1128 (SRN/FLN) |
| Plaintiffs, | |
| v. | **DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| TMI Hospitality, Inc.; TMI Employee Management, Inc.; and TMI Property Management, Inc., | |
| Defendants. | |

**INTRODUCTION**[1]

TMI has moved for summary judgment on Plaintiffs' tip-related claims – *i.e.*, Count II (MFLSA), Count III (Unlawful Deductions), and Count IV (Conversion). Although Plaintiffs admit that they have no direct claim against TMI under these legal theories, they suggest that TMI could be vicariously liable for the alleged theft by its Executive Housekeeper. This claim fails for two independent reasons. First, Plaintiffs' vicarious liability claim fails because they failed to plead a vicarious liability claim. Indeed, a fair reading of their Complaint (and First Amended Complaint) makes clear that Plaintiffs assert only direct liability claims. Nevertheless, even if adequately pled,

---

[1] This Memorandum is submitted pursuant to the Court's request for additional briefing on the issue of vicarious liability. [Dkt.97.]

Plaintiffs' vicarious liability claim fails as matter of law because Plaintiffs have proffered no evidence (or even alleged) that the alleged theft was foreseeable or that it occurred within the work-related limits of time and place. Accordingly, summary judgment as to Plaintiffs' tip-related claims is appropriate.

## LAW AND ARGUMENT

### I.   SUMMARY JUDGMENT IS APPROPRIATE BECAUSE PLAINTIFFS HAVE NOT PLED A VICARIOUS LIABILITY CLAIM.

Plaintiffs concede that they have no tip-related claims against TMI directly. Instead, to be liable, Plaintiffs agree that they must impute the alleged unlawful actions of Ochoa to TMI via vicarious liability (also called *respondeat superior*). The problem, however, is that this ***indirect*** theory of liability was ***not*** pled by Plaintiffs. To the contrary, Plaintiffs' pleadings unequivocally assert that TMI is ***directly*** responsible for Plaintiffs' tip-related injuries. (See First Am. Compl. ¶¶ 72 ("Defendants … violated the MFLSA by taking gratuities (tips) left by hotel guests …."), 80 ("Defendants unlawfully made deductions from Plaintiffs' … by taking their tips without authorization of any kind."), 92 ("Defendants' conduct in taking Plaintiffs' and Rule 23 Class members' gratuities constitutes conversion.").)

While the Court must construe Plaintiffs' Complaint "so as to do justice," Fed. R. Civ. P. 8(e), it "need not attempt to 'divine the [plaintiff's] intent and create claims that are not clearly raised." Phillips v. Speedway SuperAmerica LLC, 2010 U.S. Dist. LEXIS 112800, *15-16 n.9 (D. Minn. Oct. 22, 2010) (quoting Bediako v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir. 2004)). In Phillips, Judge Kyle granted the defendant's motion

for summary judgment on plaintiff's negligence claim because it was pled only under the theory of directly liability, not vicarious liability.  Id.  Citing Porter v. Grennan Bakeries, Inc., 16 N.W.2d 906, 910 (Minn. 1944) and Yath v. Fairview Clinics, N.P., 767 N.W.2d 34, 46 (Minn. Ct. App. 2009), Judge Kyle observed that "Minnesota courts have intimated that a plaintiff must clearly allege that he seeks to impose liability via *respondeat superior*."  Phillips, 2010 U.S. Dist. LEXIS 112800 at *15-16 n.9; see also Fahrendorff v. N. Homes, Inc., 597 N.W.2d 905, 909 (Minn. 1999) (refusing to consider plaintiff's strict liability argument because it had not been pled).

In this case, Plaintiffs have pled their tip-related claims against TMI directly, and Plaintiffs are bound by their pleadings.  See Knudsen v. United States, 254 F.3d 747, 752 (8th Cir. 2001) ("A party is bound by what it states in its pleading ….  Although the rule smacks of legalism, judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." (quotation omitted)).  Because it is undisputed that Plaintiffs cannot succeed on their tip-related claims against TMI directly, summary judgment is appropriate.

## II.   SUMMARY JUDGMENT IS APPROPRIATE BECAUSE PLAINTIFFS HAVE NOT ESTABLISHED THAT OCHOA'S ALLEGED THEFT OCCURRED WITHIN THE SCOPE OF HER EMPLOYMENT.

Even assuming that Plaintiffs pled that TMI is vicariously liable for the alleged tortious conduct of Ochoa, summary judgment is appropriate because the alleged theft by Ochoa was not within the scope of her employment.

827001.v3

Under Minnesota law, an employer is vicariously liable for the tortious[2] conduct of an employee only if that conduct occurred within the scope of employment.  Hagen v. Burneister & Assocs., 633 N.W.2d 497, 504 (Minn. 2001).  An employee is acting within the scope of her employment if each of the following conditions is met:

(1)    The employee's conduct was substantially within work-related limits of time and place;

(2)    The employee's conduct is of a kind authorized by the employer or reasonably related to that employment; and

(3)    The employer should have foreseen the employee's conduct given the nature of the employment and the duties relating to it.

4 Minn. Dist. Judges Ass'n, Minn. Practice – Jury Instruction Guides, CIVJIG 30.20 (6th ed. 2014); see Hagen, 633 N.W.2d at 504; Lange v. Nat'l Biscuit Co., 211 N.W.2d 783, 785 (Minn. 1973); see also 17 Stephen F. Befort, Minnesota Practice – Employment Law & Practice § 9:2 (3d ed. 2011).  It is the ***plaintiff's burden*** to introduce admissible evidence establishing each of these elements.  See Hagen, 633 N.W.2d at 505.  In the absence of evidence supporting Plaintiffs' claims, summary judgment is appropriate.  See P.L. v. Aubert, 545 N.W.2d 666, 668 (Minn. 1996) ("Here we find no evidence that such relationships between teacher and student are a 'well-known hazard'; thus foreseeability is absent."); see also Rau v. Roberts, 2010 U.S. Dist. LEXIS 6365, at *11 (D. Minn. Jan.

---

[2] Whether the employer is vicariously liability for an employee's *negligent* actions is analyzed under the standard set forth in Snilsberg v. Lake Washington Club, 614 N.W.2d 738 (Minn. Ct. App. 2000).  See Yath, 767 N.W.2d at 47 (distinguishing between the scope-of-employment tests used for negligent acts and for intentional conduct); see also 4 Minn. Dist. Judges Ass'n, Minn. Practice – Jury Instruction Guides, CIVJIG 30.15 (6th ed. 2014)

27, 2010) (Kyle, J.) (explaining that vicarious liability may be decided as a matter of law when "there is an absence of evidence to support a necessary element").

Here, summary judgment is appropriate because Plaintiffs have not produced a single shred of admissible evidence tending to establish the first or third element.  Indeed, as outlined above, Plaintiffs never even alleged, let alone offered evidence, that Ochoa acted in the scope of her employment when she allegedly absconded with Plaintiffs' tips. This alone is sufficient to dismiss Plaintiffs' tip-related claims against TMI.  Regardless, TMI is entitled to summary judgment on Plaintiffs' tip-related claims because (1) there is no evidence that Ochoa's alleged theft was foreseeable and (2) there is no evidence upon which a jury could conclude that Ochoa's alleged conduct occurred within the work-related limits of time and place.

### A.   PLAINTIFFS HAVE PRODUCED NO EVIDENCE ESTABLISHING THAT OCHOA'S ALLEGED ACTS WERE FORESEEABLE.

An employee's act is foreseeable *only* when it "is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." Hagen, 633 N.W.2d at 505 (quotation omitted).  "[F]oreseeability is commonly proven, or a question of fact is raised, when a party establishes that the type of tortious conduct involved is a well-known industry hazard." Id.  However, Minnesota courts routinely grant an employer's summary judgment motion where the plaintiff fails to introduce evidence establishing that the employee's wrongful conduct was foreseeable (*i.e.*, a "well-known industry hazard").  See id.; Frieler v. Carlson Mktg. Grp., 751 N.W.2d 558 (Minn. 2008); P.L. v. Aubert, 545 N.W.2d 666 (Minn. 1996); Yath v.

Fairview Clinics, N.P., 767 N.W.2d 34 (Minn. Ct. App. 2009); Wilson v. Stock Lumber, Inc., 2001 Minn. App. LEXIS 1133 (Minn. Ct. App. Oct. 9, 2001).

In Hagen v. Burneister & Assocs., 633 N.W.2d 497 (Minn. 2001), the Minnesota Supreme Court held, as a matter of law, that the employer was not vicariously liable for the employee's misappropriation of trade secrets in violation of the Minnesota Uniform Trade Secrets Act ("UTSA").  Id. at 505.  The court explained that the plaintiff was required to introduce evidence tending to show that the tortious conduct was foreseeable. This included, "for example, evidence showing that the risk of employees misappropriating trade secrets is a well-known hazard in the insurance industry."  Id. However, the employee introduced no such evidence.  The court specifically noted that "[w]e will not assume, absent introduction of some evidence, that UTSA violations are a common hazard in the insurance industry."  Id.  Accordingly, the plaintiff's "failure to raise a fact question" was "fatal to its *respondeat superior* claim."  *Id.*

Similarly, in Frieler v. Carlson Marketing Group, Inc., 751 N.W.2d 558 (Minn. 2008), the Minnesota Supreme Court held that an employer was not vicariously liable where the plaintiff failed to introduce evidence that sexual harassment was a foreseeable hazard, despite ample public knowledge and abundant case law that such conduct is "a common problem in American workplaces."  Id. at 583.  The court explained that it would be inappropriate to rely on such broad generalities; instead, the focus must be on the evidence in each particular case.  Id. ("[O]ur cases clearly hold that a plaintiff must present some evidence that an employee's . . . misconduct was foreseeable to survive summary judgment on a claim of respondeat superior liability for an intentional tort.");

Likewise, in P.L. v. Aubert, 545 N.W.2d 666 (Minn. 1996), the Minnesota Supreme Court reinstated the district court's award of summary judgment to the employer because it found that the plaintiff had failed to introduce evidence that the teacher's sexual assault of a student was foreseeable:

> Here we find no evidence that such relationships between teacher and student are a "well-known hazard"; thus foreseeability is absent.  While it is true that teachers have power and authority over students, ***no expert testimony or affidavits were presented regarding the potential for abuse of such power in these situations***; thus there can be no implied foreseeability.

Id. at 668 (emphasis added).  The court further explained that "the sexual contact by the teacher toward the student could not be considered an 'indivisible' act directly related to her teaching duties. . . . even though the acts were committed within work related time and place." Id.

More recently, in Yath v. Fairview Clinics, N.P., 767 N.W.2d 34 (Minn. Ct. App. 2009), the court refused to hold an employer vicariously liable for its employees' unlawful and tortious misappropriation of the plaintiff's medical information.  The court expressly rejected the plaintiff's argument that, by providing the employees with access to the medical information, the misappropriation was foreseeable as a matter of law.  According to the court:

> Yath essentially asks us to hold that the wrongful access to and dissemination of private medical information is foreseeable as a matter of law.  We refuse to do so.  The claim fails as a matter of law ***because Yath presented no evidence that the wrongful access and dissemination of private medical information by Tek was foreseeable***.

Id. at 48 (emphasis added).  Instead, to avoid summary judgment, Minnesota law requires "a plaintiff to present sufficient evidence of the necessary elements of her claim to survive summary judgment."  Id. (quoting Frieler, 751 N.W.2d at 584 n.20).

As these cases demonstrate, Minnesota courts will _**not**_ presume that an employee's wrongful conduct is foreseeable.  Thus, in the absence of evidence that Ochoa's actions were "a well-known employment hazard," the Court must grant TMI's motion for summary judgment.  See Wilson v. Stock Lumber, Inc., 2001 Minn. App. LEXIS 1133 (Minn. Ct. App. Oct. 9, 2001) (Minn. Ct. App. Oct. 8, 2001) (finding as a matter of law employee's conduct was not foreseeable when there was no evidence indicating employee could be expected to engage in assaultive conduct or that road rage is a well-known hazard in the delivery business); Jenkins v. Univ. of Minn., 50 F. Supp. 3d 1084, 1098-99 (D. Minn. 2014) (Tunheim, J.) ("[I]n the absence of evidence – such as the opinion of a qualified expert – that a sexual assault of the plaintiff, by the employee, was sufficiently likely so as to put the employer on notice, Minnesota Courts will not presume to impute liability for such conduct upon an  employer, as a foreseeable risk of employment." (quoting Grozdanich v. Leisure Hills Health Center, Inc., 25 F. Supp.2d 953, 983 (D. Minn. 1998) (Erickson, Mag. J.)); Rau v. Roberts, 2010 U.S. Dist. LEXIS 6365 (D. Minn. Jan. 27, 2010) aff'd 640 F.3d 324 (8th Cir. 2011) (granting employer's summary judgment motion and rejecting plaintiff's claim that defendant-employer should have foreseen that the employee might commit an assault in connection with his employment as a police officer, and explaining that plaintiff offer nothing other than "sweeping" assertions that police officers frequently commit assaults); see also Ann West

v. Bloomington Hooters, Inc., No. 96-cv-9307, 1997 Minn. Dist. LEXIS 2 (Minn. Dist. Ct. 1997) (Nord, J.) (holding that alleged battery was "not foreseeable because Plaintiff has failed to present any evidence showing that managers or cooks making physical contact with waitresses is a 'well known hazard' in the restaurant business.").

The cases cited by Plaintiffs at oral argument – Fahrendorff and Marston – do not hold otherwise.  In fact, in both cases the court specifically relied on evidence produced by the plaintiff – in the form of ***expert testimony*** – establishing that the tortious conduct was a foreseeable hazard in employers' respective industry.  See Fahrendorff v. North Homes, 597 N.W.2d 905, 911 (Minn. 1999) (relying on the plaintiff's evidence that "inappropriate sexual contact or abuse of power in [group home] situations, although infrequent, is a *well known hazard in this field*" when finding a material issue of fact regarding foreseeability (emphasis in original)); Marston v. Minneapolis Clinic of Psychiatry & Neurology, Ltd., 329 N.W.2d 306, 311 (Minn. 1982) (explaining that "[t]here was testimony that sexual relations between a psychologist and a patient is a well-known hazard and thus, to a degree, foreseeable and a risk of employment.").[3]

---

[3] Similarly unavailing is any citation by Plaintiffs to Hartford Fire Ins. Co. v. Clark, 727 F. Supp. 2d 765, 773 (D. Minn. 2010) (Schiltz, J.).  In that case, Judge Schiltz held that "[a]lthough the question is close," plaintiff adduced sufficient evidence that overbilling fraud perpetrated by employees at different companies could have been foreseeable because the employer's ***own expert testified*** that the markups "were grossly out of line with industry norms." Id. at 772-73 (emphasis added).

827001.v3

As in <u>Hagen</u>, <u>Frieler</u>, and the other cases cited above (and unlike the cases cited by Plaintiffs at oral argument), Plaintiffs have proffered ***no evidence*** – expert[4] or otherwise[5] – establishing that the theft of tips by housekeeping managers is a "well-known industry hazard."  Because the Court "will not assume, absent introduction of some evidence, that [Ochoa's alleged] violations are a common hazard in the [hospitality] industry," Plaintiffs' complete "failure to raise a fact question with respect to that issue[] is fatal to [Plaintiffs'] *respondeat superior* claim."   <u>Hagen</u>, 633 N.W.2d at 505; <u>Frieler</u>, 751 N.W.2d at 583; <u>Aubert</u>, 545 N.W.2d at 668; <u>Yath</u>, 767 N.W.2d at 48; <u>Wilson</u>, 2001 Minn. App. LEXIS 1133 at *13-14.  Accordingly, summary judgment as to Plaintiffs' tip-related claims is appropriate.

**B.    PLAINTIFFS HAVE FAILED TO PRODUCE ANY EVIDENCE THAT OCHOA'S ALLEGED CONDUCT OCCURRED WITHIN THE WORK-RELATED LIMITS OF TIME AND PLACE.**

When determining whether an employee's conduct occurred within the work-related limits of time and place, courts examine multiple factors, including (1) whether the employee was on the job or "clocked in"; (2) whether the employee was on work-

---

[4] It appears that expert testimony is required.  In <u>Frieler</u>, the majority considered and rejected the appeal by Justice Page in his dissent to "[n]otions of public policy and fairness," which he claimed should not require a plaintiff "to hire an expert to testify that [the employee's wrongful conduct] is a well-known hazard."  <u>Frieler</u>, 751 N.W.2d at 575.  According to the majority, "[I]t does not place 'form over substance' to require a plaintiff to present sufficient evidence of the necessary elements of her claim to survive summary judgment."  <u>Id.</u> at 584 n.20; <u>see also</u> <u>Yath</u>, 767 N.W.2d at 48.

[5] Plaintiffs' non-expert evidence fares no better.  At most, it tends to show that a single manager, Ochoa, absconded with the tips of ***some*** housekeepers.  The evidence is not consistent across housekeepers (many testified that no tips were taken) nor across managers (for some, the amount of tips depended on which manager was working).

related or personal business; (3) and whether the employee invoked some authority provided to her by the employer.  See Rau, 2010 U.S. Dist. LEXIS 6365, at *12.

Here, like the first prong of the vicarious liability analysis, Plaintiffs offer no evidence supporting a conclusion that Ochoa's alleged actions occurred within the work-related limits of time and place.  Plaintiffs allege, as they must, that the tips were taken from the guest rooms, but they do not proffer any evidence that Ochoa was on duty or "clocked in" during the alleged conduct.

Second, Plaintiffs have no evidence that Ochoa was on work-related business when she entered the guest rooms and allegedly stole the tips.  Indeed, Plaintiffs insist that Ochoa "had no legitimate reason to enter rooms prior to cleaning from her housekeepers …."  (Pls.' Opp'n Memo. [Dkt.93] at 6.)  Moreover, there is no allegation that Ochoa did anything other than pocket the tips for herself.

Finally, Plaintiffs fail to offer admissible evidence that Ochoa invoked any authority TMI provided her as an Executive Housekeeper.  To the contrary, at best, the facts alleged by Plaintiffs only vaguely support the argument that Ochoa took a two-dollar tip in her capacity as an individual and for her own personal benefit, not as a supervisor or representative of TMI.  Such facts do not support vicarious liability.  See Abdullajeva v. Club Quarters, 1996 U.S. Dist. LEXIS 12805, at *24-25 (S.D.N.Y. Aug. 29, 1996) (dismissing the housekeeper's/plaintiff's claims that the hotel/defendant was vicariously liable for its supervisor's alleged theft of tips because there was no suggestion that "the illegal acts were committed other than for personal motives"); Gooden v. Day's Inn, 395 S.E.2d 876, 879 (Ga. Ct. App. 1990) (affirming grant of summary judgment to

11

the employer on plaintiff's conversion claim because when the supervisor stole money that had been left in a hotel room, "he converted the money to his own use …. [He] was not acting for and on behalf of defendant Day's Inn; nor was he acting within the scope of his employment.").

Because Plaintiffs failed to introduce any evidence upon which a jury could conclude Ochoa's alleged conduct occurred within the work-related limits of time and place, their tip-related claims against TMI should be dismissed as a matter of law.

## CONCLUSION

Based upon the foregoing, TMI respectfully requests that the Court dismiss Plaintiffs' tip-related claims – *i.e.*, Counts II (MFLSA), III (Unlawful Deductions), and IV (Conversion).

Dated:  September 18, 2015          FELHABER LARSON

By:    s/ Sara G. McGrane
          Sara G. McGrane, #233213
          Grant T. Collins, #0390654
220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402
(612) 339-6321
smcgrane@felhaber.com
gcollins@felhaber.com

ATTORNEYS FOR DEFENDANTS

827001.v3